COVINGTON, Judge.
This is an appeal by the defendant from a judgment in favor of the plaintiff in the amount of $547.00 plus interest and costs.
*1154 Brunson Bonding & Insurance Agency, Inc., plaintiff, brought suit against Town Talk Cafeteria, Inc., defendant, in the City Court of Baton Rouge, Parish of East Baton Rouge, seeking judgment for $547.00 plus interest and costs.
The plaintiff’s petition consists of three paragraphs. In the first paragraph, the plaintiff alleges that the defendant is indebted to the Agency in the amount of $547.00. Paragraphs 2 and 3 of the petition read as follows:
“2.
“Defendant, Town Talk Cafeteria, Inc. at various times, purchased various policies of insurance through the Brunson Bonding & Insurance Agency, Inc. with premiums being carried by Brunson Bonding & Insurance Agency, Inc. on an open account.
“3.
“Defendant, Town Talk Cafeteria, Inc. currently has a past due balance of FIVE HUNDRED FORTY-SEVEN AND NO HUNDREDTHS DOLLARS ($547.00) and has failed to make any payment thereon despite amicable demand.”
A statement was attached to the petition, addressed to the defendant, listing various policies of insurance by number, showing the type of insurance, the status of the policies, the premiums charged and the balance due as of January 23, 1979.
Defendant filed an answer in the nature of a general denial, and further answered as follows:
“Defendant specifically represents that it never contracted with Petitioner to secure any insurance coverage of any nature and further, has never received delivery of any insurance contract mentioned above in Petitioner’s petition.”
When the matter came on for trial, the plaintiff offered only the testimony of its employee, Joseph Simcoe, who was “the person in charge of the Town Talk Cafeteria account.” The defendant countered with the testimony of Jacqueline Bennett, the owner of Town Talk Cafeteria, and Mrs. Bennett’s stepfather, Lee Bardock. The evidence shows that Mrs. Bennett wanted fire and liability insurance on the restaurant and automobile insurance on two cars. No insurance policy was ever delivered to the defendant and the amount of the premiums was never agreed upon. The plaintiff, however, introduced into evidence a fire policy of Zurich Insurance Company purportedly on Town Talk Restaurant (attached to the policy is a letter from Zurich to Brunson “cancelling” the policy unless Town Talk installed an “automatic extinguishing system and a hood over the cooking area”); a restaurant liability police of Zurich Insurance Company purportedly on Town Talk Restaurant; a liability insurance policy (UM) on a Cadillac automobile; and a liability policy (UM) on a Camaro automobile owned by Mrs. Bennett.
The proof offered by the plaintiff does not support its allegation that there was an agreement for insurance with the defendant. The most that can be said for the evidence in the record is that it shows that Town Talk, through Mrs. Bennett, was seeking a package deal for fire and liability insurance on the restaurant and automobile liability coverage for two automobiles. The amount of the premiums was never agreed upon and no binder or insurance policy was ever delivered to Town Talk. The insurer would not write fire insurance on the restaurant unless the restaurant made certain fire-prevention corrections as stated above, which were not made; and would not write the other insurance except as a package deal.
A similar situation is described in Commercial Standard Ins. Co. v. Market Produce Co., 197 So. 154, 156 (La.App. 2 Cir. 1940), as follows:
“And we are also certain from the record that there was never a completed and binding contract between plaintiff and defendant. There was never any meeting of minds as to the price, and the record fails to show by a preponderance of the testimony, as required by law, that the policy of insurance was ever in defendant’s possession.”
*1155 For the foregoing reasons, we reverse the judgment appealed, and render judgment in favor of defendant dismissing the plaintiff’s suit. The plaintiff-appellee is cast for all costs.
REVERSED AND RENDERED.